# EXHIBIT

# A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **ELZIE TURNER,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | **Case No. _____** |
| **GEICO ADVANTAGE INSURANCE** | § | |
| **COMPANY,** | § | |
| *Defendant* | § | |

## INDEX OF DOCUMENTS FILED IN STATE COURT

| DOCUMENT | DATE |
|---|---|
| Plaintiff's Original Petition (A-1) | 08/04/2017 |
| Defendant's Special Exceptions, Verified Denials and Original Answer to Plaintiff's Original Petition (A-2) | 10/05/2017 |
| Plaintiff's Certificate of Written Discovery (A-3) | 10/06/2017 |
| Defendant's Notice of Filing Notice of Removal (A-4) | 10/13/2017 |

# EXHIBIT

# A-1

Electronically Submitted
8/4/2017 11:48 AM
Gregg County District Clerk
By: Debbie Kinney ,deputy

CAUSE NO. 2017-1492-CCL2

| | | |
|---|---|---|
| **ELZIE H. TURNER** | § | IN THE   COUNTY   COURT |
| | § | at LAW 2 |
| **VS.** | § | IN AND FOR |
| | § | |
| **GEICO ADVANTAGE INSURANCE** | § | |
| **COMPANY** | § | **GREGG COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ELZIE  H. TURNER, Plaintiff, and files this his Original Petition complaining of Defendant, GEICO ADVANTAGE INSURANCE COMPANY and in support thereof would show the Court the following:

### I.
### DISCOVERY CONTROL PLAN

Discovery is intended to be conducted under Level 2 of the Texas Rules of Civil Procedure.

### II.
### PARTIES

Plaintiff is a  resident of White Oak, Gregg County, Texas.  The last three numbers of his social security number are 987 and the last three numbers of his driver's license are 860.

Defendant, Geico Advantage Insurance Company, is an insurance company duly licensed and incorporated in the State of Nebraska, does business in the State of Texas, and maintains its principal place of business in Dallas, Dallas County, Texas. Said Defendant may be served by serving its agent, Gregory Jocobi, 4201 Spring Valley Road, Dallas, Dallas County, Texas.

### III.
### VENUE

Venue is proper in Gregg County, Texas, in that the Plaintiff/policyholder resided in Gregg County, Texas at the time of the loss.  To satisfy the mandatory language as required by Rule 47(c), Texas Rules of Civil Procedure, at this time and subject to amendment, Plaintiff seeks monetary relief against the Defendant the maximum of which is over $200,000.00  but not more than $1,000,000.00.

### IV.
### FACTUAL BACKGROUND

Plaintiff's cause of action arises from an automobile collision that occurred on or about June 28, 2015 in Smith County, Texas. On that date, Plaintiff was operating his 2012 GMC pickup in a southerly direction on Highway 271.  Plaintiff was stopped at the red light at the intersection of the north access road of I-20.  Suddenly and without warning,  his vehicle was struck  in the  rear by another pickup, which did not stop at the scene, but continued  and turned westbound on the north access road to continue westbound on I-20.   This collision caused Plaintiff to sustain bodily injuries and damages  as the direct and proximate result of the negligence of the unknown driver who fled the scene.  At the time of the collision, Plaintiff was covered by a standard Texas automobile policy which included common law benefits for injuries proximately caused by a "hit and run" driver as that term is defined in the policy.

### V.
### NEGLIGENCE

Subject to amendment after proper discovery, the unknown driver violated the duty which he/she owed to Plaintiff and to others on the roadway to exercise ordinary care in the operation of

his/her vehicle in failing to keep a proper lookout, in failure to control his speed, in failing to timely or properly apply his/her brakes, in driver inattention, and in engaging in an unreasonable distraction over a long period of time while operating his/her motor vehicle that impaired his/her ability to operate a motor vehicle safely. Further, the unknown driver, in violation of Texas Transportation Code Section 544.007, disregarded a steady red signal light by not bringing his/her vehicle to a stop behind Plaintiff's vehicle without contacting Plaintiff's vehicle, which constitutes negligence per se. Each of these acts and omissions, singularly or in a combination with others, constituted negligence which proximately caused the occurrence made the basis of this suit and Plaintiff's injuries and damages.

## VI.
## ACTION FOR BENEFITS UNDER THE POLICY

Plaintiff has complied with all conditions precedent to bringing an action for benefits under the policy issued by Defendant, yet Defendant has failed to make any reasonable effort to resolve his claim. In support of this action, Plaintiff would show that the fleeing driver described above was negligent and that the driver's negligence was a proximate cause of his damages.

## VII.
## INSURANCE CODE VIOLATIONS

In violation of Chapter 541 of the Texas Insurance Code, Defendant has knowingly and intentionally engaged in unfair settlement practices with respect to this claim including, but not limited to, failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear; and refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

Further, Defendant violated Chapter 542 by requiring Plaintiff to institute this suit because of the inadequate offer it made to Plaintiff to settle this claim.

## VIII.
## DAMAGES

Plaintiff sustained personal injuries and damages proximately caused by the negligence of the "hit and run" driver described above.  As  a result, he asks the jury to provide fair and reasonable compensation for the following elements of damages:

a.     physical pain and mental anguish sustained in the past;

b.     physical pain and mental anguish  that, in reasonable probability, he will sustain in the future;

c.     loss of earning capacity sustained in the past;

d.     loss of earning capacity that, in reasonable probability, he will sustain in the future;

e.     disfigurement sustained in the past;

f.     disfigurement that, in reasonable probability, he will sustain in the future;

g.     physical impairment sustained in the past;

h.     physical impairment that, in reasonable probability, he will sustain in the future;

i.     medical care expenses sustained in the past;

j.     medical care expenses that, in reasonable probability, he will sustain in the future.

Further, Plaintiff is entitled to the statutory penalties provided by the Texas Insurance Code for it's actions as outlined herein.  Plaintiff's damages are within the jurisdictional limits of this Court.  Plaintiff is entitles to prejudgment interest.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear and answer, and that on final trial Plaintiff have:

1.  Judgment against Defendant in a sum in excess of the minimum jurisdictional limits of the Court for Plaintiff's damages;

2.  Prejudgment interest;

3.  Post-judgment interest;

4.  Cost of court;

5.  All statutory "additional" damages; and

6.  All such other relief, at law or in equity, to which Plaintiff may show to be entitled.

Respectfully submitted,

PATTON, NIX & YOUNG, LLP
P. O.  Box  3444
Longview, Texas  75606
(903) 758-6151
(903) 758-7117 (Fax)
*fredlnix@pnylaw.com*

By    /s/   Fred L. Nix
        FRED L. NIX
State Bar No. 15039600
ATTORNEYS FOR PLAINTIFF

# EXHIBIT

# A-2

Electronically Submitted
10/5/2017 5:47 PM
Gregg County District Clerk
By: Lindsey Kornegay ,deputy

## CAUSE NO. 2017-1492-CCL2

| | | |
|---|---|---|
| **ELZIE TURNER,** | § | **IN THE COUNTY COURT** |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **AT LAW NO. 2** |
| | § | |
| **GEICO ADVANTAGE INSURANCE** | § | |
| **COMPANY,** | § | |
| *Defendant* | § | **GREGG COUNTY, TEXAS** |

## DEFENDANT'S SPECIAL EXCEPTIONS, VERIFIED DENIALS AND ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

COMES NOW Defendant GEICO Advantage Insurance Company ("Defendant" or "GEICO"), and files its Special Exceptions, Verified Denials and Original Answer to Plaintiff Elzie Turner's ("Plaintiff") Original Petition and would respectfully show the Court as follows:

### A.
### SPECIAL EXCEPTIONS

If the plaintiff's suit is not permitted by law, the defendant may file special exceptions and a motion to dismiss. *Wayne Duddlesien, Inc. v. Highland Ins. Co., 110* S.W.3d 85, 96-97 (Tex. App.– Houston [1st Dist.] 2003, pet. denied). A defendant may challenge the sufficiency of a plaintiff's pleadings by specifically pointing out the defect or reason the claim is invalid. *See Mowbray v. Avery,* 76 S.W.3d 663, 677 (Tex. App. – Corpus Christi 2002, pet denied). If a pleading fails to state a cause of action, a court does not err by dismissing the defective claim. *Hold v. Reproductive Services., Inc.,* 946 S.W.2d 602, 605 (Tex. App. – Corpus Christi 1997, writ denied).

GEICO specially excepts to Plaintiff's Original Petition and the allegations that GEICO has knowingly and intentionally failed to attempt in good faith to effectuate a prompt, fair and equitable settlement of his claim in violation of Texas Insurance Code Chapter 541 and required

him to institute this suit because of its "inadequate offer" in violation of Texas Insurance Code Chapter 542.  The contractual obligation to pay UM benefits has not arisen because liability and Plaintiff's damages have not been judicially determined, therefore the conditions precedent of the payment of UM benefits have not been met.  Thus, there can be no failure to properly handle, resolve, and/or pay Plaintiff's UM claim, and therefore, no violations of Texas Insurance Code Chapters 541 or 542 as alleged in the Petition.

### B.
### GENERAL DENIAL

Pursuant to TEX. R. CIV. P. 92, Defendant GEICO generally denies each and every material allegation in Plaintiff's Original Petition and demands strict proof thereof.

### C.
### VERIFIED DENIALS

1.      Defendant GEICO denies that Plaintiff has performed all conditions precedent necessary to bring a claim in this action or that all conditions precedent to the automobile insurance policy contract at issue have been performed or have occurred.

2.      GEICO is not liable to Plaintiff under the Uninsured Motorists ("UM") coverage provisions of his insurance policy because Plaintiff has failed to perform all conditions precedent to GEICO's duty to pay UM coverage under any policy.  Plaintiff has not established that he is "legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by a covered person, or property damage, caused by an accident," which would be a condition precedent to GEICO's duty to pay UM benefits under its insurance policy.

3.      Defendant GEICO is entitled to an offset or credit in the amounts of any liability insurance amount of any tortfeasor who was responsible for the accident made the basis of this suit and Plaintiff's alleged injuries and damages, an offset or credit for any other UM/UIM

policy of insurance issued by any other insurer to Plaintiff, and an offset or credit for any other money paid to or on behalf of Plaintiff for any medical payment, benefit payments, or personal injury protection benefit payments.

**D.**
**AFFIRMATIVE DEFENSES AND SPECIFIC DENIALS**

Pursuant to TEX. R. CIV. P. 94, Defendant GEICO raises the following affirmative defenses:

1.      Plaintiff has failed to state a claim upon which relief can be granted.

2.      Plaintiff has stated one or more claims that have no basis in law or fact.

3.      Plaintiff's claims are barred for failing to mitigate damages.

4.      Plaintiff's claims are barred because Plaintiff has not suffered any injury or damage as a result of any acts or omissions alleged of Defendant.

5.      Any claim by Plaintiff for lost wages in the past or lost wage-earning capacity in the future is limited by the provisions of TEX. CIV. PRAC. & REM. CODE § 18.091.

6.      Defendant would show it is not responsible for Plaintiff's medical conditions and damages, if any, which existed before this accident and/or Plaintiff's medical conditions and damages, if any, which were not proximately caused by this accident.

7.      Any claim by Plaintiff for punitive or exemplary damages is barred because Defendant did not act intentionally, wantonly, fraudulently, or maliciously.

8.      Plaintiff is not entitled to the recovery of punitive or exemplary damages, if at all, beyond the limitations set forth in the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

9.      Plaintiff is not entitled to the recovery of punitive or exemplary damages to the extent such award would deprive Defendant of property and rights without due process of law

and would constitute an excessive and unreasonable fine or penalty prohibited by the Texas and U.S. Constitutions.

Plaintiff has failed to set out his claims with sufficient particularity to enable Defendant to determine all applicable affirmative defenses.  Defendant therefore reserves its right to assert any additional affirmative defenses that may be applicable, to withdraw any affirmative defenses that are inapplicable, and to more specifically assert affirmative defenses once the precise nature of the claims are ascertained.

### E.
### PAID MEDICAL DAMAGES LIMITATION

Defendant asserts that Plaintiff's medical or health care damages, if any, caused by the accident at issue are limited to the amounts, if any, actually paid by or on behalf of Plaintiff's including payments made by health insurers. In accordance with TEX. CIV. PRAC. & REM. CODE § 41.0105, as interpreted by the Texas Supreme Court in *Haygood v. De Escabedo*, 356 S.W.3d 390 (Tex. 2011), recovery by Plaintiff for past medical or health care expenses, if any, incurred due to the accident identified in Plaintiff's pleadings is limited to amount(s) actually paid or incurred by or on behalf of the Plaintiff, including amounts actually owed by Plaintiff.

### F.
### PRE-JUDGMENT INTEREST

Defendant asserts the limitations for pre-judgment interest, if any that may be recoverable in this matter, as set forth in the TEXAS FINANCE CODE.  Defendant specifically states that it is relying on the following statutes, including but not limited to:  TEX. FIN. CODE §§ 304.104; 304.105; and 304.1045.  Defendant reserves the right to supplement these citations should others be determined to be applicable at a later date.

**G.**
## NOTICE THAT DOCUMENTS WILL BE USED

In accordance with TEX. R. CIV. P. 193.7, Defendant hereby gives notice to all parties that Defendant intends to use at trial or at any pre-trial proceedings all documents produced by Plaintiff and Defendant in response to discovery from any and all parties in this cause.

**H.**
## REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff is requested to disclose, within 30 days of the service of this request, the information or material described in Rule 194.2.

**I.**
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant GEICO prays that this Court sustain its special exceptions, that Plaintiff takes nothing by his suit, that Defendant recover its reasonable costs of court, and for such other and further relief both general and special, whether at law or in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

By:*/s/ Stacy Thompson*
     Meloney Perry
     State Bar No. 00790424
     Stacy Thompson
     State Bar No. 24046971
     Shannon Spizman
     State Bar No. 24086729

**PERRY LAW PC**
10440 North Central Expressway, Suite 600
Dallas, Texas  75231
(214) 265-6201 – Telephone
(214) 265-6226 – Facsimile
mperry@mperrylaw.com
sthompson@mperrylaw.com
sspizman@mperrylaw.com

**ATTORNEYS FOR DEFENDANT
GEICO ADVANTAGE INSURANCE
COMPANY**

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing document was served on the following counsel of record on the 5th day of October 2017 in accordance with the TEXAS RULES OF CIVIL PROCEDURE:

     Fred Nix
     PATTON, NIX & YOUNG, LLP
     PO Box 3444
     Longview, Texas 75606
     fredlnix@pnylaw.com
     ***Attorney for Plaintiff***

     */s/ Stacy Thompson*
     Stacy Thompson

00060225.DOCX

## CAUSE NO. 2017-1492-CCL2

| | | |
|---|---|---|
| **ELZIE TURNER,** | § | **IN THE COUNTY COURT** |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **AT LAW NO. 2** |
| | § | |
| **GEICO ADVANTAGE INSURANCE** | § | |
| **COMPANY,** | § | |
| *Defendant* | § | **GREGG COUNTY, TEXAS** |

## VERIFICATION

STATE OF TEXAS

COUNTY OF DALLAS

On this date, Dawn Oswalt personally appeared before me, the undersigned Notary Public, and after being duly sworn stated under oath that she is an authorized agent for Defendant GEICO Advantage Insurance Company in this action; that she has read GEICO Advantage Insurance Company's Answer to Plaintiff's Original Petition; and that every statement in Section C, Verified Denials, therein is within her personal knowledge and true and correct.

_____
Dawn Oswalt

SUBSCRIBED AND SWORN TO BEFORE ME on this the ⁴___ day of
_____ 2017.

MELISSA BAILEY
Notary Public, State of Texas
My Commission Expires
September 18, 2019

_____
Notary Public in and for the State of Texas

My Commission Expires:

_____
9/18/2019

# EXHIBIT

# A-3

Electronically Submitted
10/6/2017 2:42 PM
Gregg County District Clerk
By: Elisha Calhoon ,deputy

## CAUSE NO. 2017-1492-CCL2

| | | |
|---|---|---|
| **ELZIE H. TURNER** | § | **IN THE COUNTY COURT** |
| *Plaintiff* | § | |
| | § | |
| **VS.** | § | **AT LAW NO. 2** |
| | § | |
| **GEICO ADVANTAGE INSURANCE** | § | |
| **COMPANY** | § | |
| *Defendant* | § | **GREGG COUNTY, TEXAS** |

### PLAINTIFF'S CERTIFICATE OF FILING WRITTEN DISCOVERY

TO THE HONORABLE COURT:

I hereby certify that Plaintiff, **ELZIE H. TURNER**, has on this day served the following to all counsel of record via electronic filing and facsimile:

1. Plaintiff's Request for Disclosure to Defendant Geico Advantage Insurance Company;

2. Plaintiff's First Set of Interrogatories to Defendant Geico Advantage Insurance Company; and

3. Plaintiff's Request for Production to Defendant Geico Advantage Insurance Company.

Respectfully submitted,

PATTON, NIX & YOUNG, LLC
P.O. Box 3444
Longview, Texas 75606
(903) 758-6151
(903) 758-7117
*fredlnix@pnylaw.com*

By   /s/   Fred L. Nix
FRED L. NIX
State Bar No. 15039600
ATTORNEYS FOR PLAINTIFF

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing document was

provided to opposing counsel in accordance with the Texas Rules of Civil Procedure on this the

6th  day of October, 2017.

      Stacy Thompson
      Meloney Perry
      PERRY LAW PC.
      10440 North Central Expressway, Suite 600
      Dallas, Texas 75231

                        /s/ Fred L. Nix
                   FRED L. NIX

# EXHIBIT

# A-4

Electronically Submitted
10/13/2017 9:21 AM
Gregg County District Clerk
By: Elisha Calhoon ,deputy

## CAUSE NO. 2017-1492-CCL2

| | | |
|---|---|---|
| **ELZIE TURNER,** | § | **IN THE COUNTY COURT** |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **AT LAW NO. 2** |
| | § | |
| **GEICO ADVANTAGE INSURANCE** | § | |
| **COMPANY,** | § | |
| *Defendant* | § | **GREGG COUNTY, TEXAS** |

## NOTICE OF FILNG NOTICE OF REMOVAL

COMES NOW, Defendant GEICO Advantage Insurance Company (hereafter, "Defendant"), by and through its attorneys, Perry Law P.C. (Stacy Thompson, Meloney Perry and Shannon Spizman), and hereby files its Notice of Filing Notice of Removal to Federal Court, and would respectfully show the Court as follows:

### I.

Written notice of the removal of this cause will be filed contemporaneously with the United States District Court for Eastern District of Texas – Tyler Division, on October 13, 2017. A copy of the Notice of Removal without exhibits, as submitted to the United States District Court, together with the Certificate of Service to Plaintiff's counsel, is attached.

### II.

This Court is respectfully requested to proceed no further in this action, unless and until such time as the action may be remanded by order of the United States District Court.

Respectfully submitted this 13th day of October 2017.

Respectfully submitted,

By:*/s/ Stacy Thompson*
    Meloney Perry
    State Bar No. 00790424
    Stacy Thompson
    State Bar No. 24046971
    Shannon Spizman
    State Bar No. 24086729

**PERRY LAW PC**
10440 North Central Expressway, Suite 600
Dallas, Texas  75231
(214) 265-6201 – Telephone
(214) 265-6226 – Facsimile
mperry@mperrylaw.com
sthompson@mperrylaw.com
sspizman@mperrylaw.com

**ATTORNEYS FOR DEFENDANT
GEICO ADVANTAGE INSURANCE
COMPANY**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document was served on the following counsel of record on the 13th day of October 2017 in accordance with the TEXAS RULES OF CIVIL PROCEDURE:

    Fred Nix
    PATTON, NIX & YOUNG, LLP
    PO Box 3444
    Longview, Texas 75606
    fredlnix@pnylaw.com
    *Attorney for Plaintiff*

                    */s/ Stacy Thompson*
                    Stacy Thompson

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| **ELZIE TURNER,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | **Case No. _____** |
| **GEICO ADVANTAGE INSURANCE** | § | |
| **COMPANY,** | § | |
| *Defendant* | § | |

_____

### NOTICE OF REMOVAL
_____

COMES NOW Defendant GEICO Advantage Insurance Company ("GEICO" or "Defendant") and submits the following Notice of Removal pursuant to Title 28, sections 1332, 1441, and 1446 of the United States Code and Local Rule CV-81.  As grounds for this removal, Defendant states as follows:

### THE STATE COURT ACTION

1.      Plaintiff Elzie Turner (hereafter "Plaintiff") commenced an action against Defendant GEICO Advantage Insurance Company in the County Court at Law No. 2 of Gregg County, Texas, Cause No. 2017-1492-CCL2, on or around August 4, 2017. In his Original Petition, ("Petition"),[1] Plaintiff alleges that he was injured as the result of an automobile accident that occurred in Smith County, Texas on or about June 28, 2015, which was caused by an alleged unknown uninsured motorist who rear-ended Plaintiff.  *See* Petition (Exhibit A-1) at IV. Plaintiff alleges that at the time of the accident in question, he was insured under a policy issued by Defendant and that under such policy he was insured for damages and injuries caused by the negligence of the alleged uninsured motorist.  *See* Petition (Exhibit A-1) at VI.  Plaintiff alleges

---

[1] A copy of the Original Petition is included with this Notice of Removal as Exhibit A-1.

that, in connection with the accident, he is entitled to the payment of Uninsured Motorist ("UM")

coverage benefits under the GEICO insurance policy at issue.  *Id.*

2.     In his Petition, Plaintiff specifically seeks monetary relief from GEICO of more

than $200,000.00 but not more than $1,000,000.00.  *See* Petition (Exhibit A-1) at III.  Plaintiff

seeks the following damages: past and future medical expenses; past and future physical pain and

mental anguish; past and future disfigurement; past and future physical impairment; loss of

income; loss of future earning capacity; prejudgment and post-judgment interest; and attorneys'

fees and costs.  *Id.* at 5.

3.     On or about October 5, 2017, GEICO filed its Original Answer to Plaintiff's

Original Petition, which included its specific denials and affirmative defenses. *See* GEICO's

Special Exceptions, Verified Denials and Original Answer to Plaintiff's Original Petition,

included with this Notice of Removal as Exhibit A-2.

4.     The case is currently pending in the County Court at Law No. 2 of Gregg County,

Texas.  Pursuant to Local Rule CV-81, a true and correct copy of all pleadings, motions, and

other papers filed in the County Court at Law No. 2 of Gregg County, Texas are included as

attachments with this Notice of Removal, along with an index identifying same.  *See* Exhibit A.

## JURISDICTION

5.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a) and

§1441(a) because the parties are citizens of different states and the amount in controversy

exceeds $75,000.00, exclusive of interest and costs.

6.     <u>Diversity</u>:  According to the Petition, Plaintiff is a resident of the State of Texas.

*See* Petition (Exhibit A-1) at II.  Upon further information and belief, Plaintiff is a citizen of the

State of Texas.  Defendant GEICO is a citizen of Nebraska because it is a Nebraska corporation

with its principal place of business in Nebraska. Accordingly, 28 U.S.C. §1332(a) of the United States Code allows this Court to exercise jurisdiction over this action.

7.    <u>Amount in Controversy</u>:  The amount in controversy is in excess of $75,000.00. In his Petition, Plaintiff specifically seeks monetary relief from GEICO of more than $200,000.00 but not more than $1,000,000.00.  *See* Petition (Exhibit A-1) at III.  Therefore, on the face of the Petition, the amount in controversy exceeds $75,000.00.  *See* 28 U.S.C. § 1446(c)(2).

8.    Because this civil action only involves citizens of different states and the amount in controversy exceeds $75,000.00, this Court has original jurisdiction pursuant to 28 U.S.C. §1332(a) and removal is proper under 28 U.S.C. §1441.

## PROCEDURAL REQUIREMENTS

9.    Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81 of the U.S. District Court for the Eastern District of Texas, the following exhibits are attached and indexed:

Exhibit A:    Index of Documents Filed in the State Court Action

Exhibit B:    Civil Cover Sheet

Exhibit C:    Supplemental Civil Cover Sheet

Exhibit D:    Certificate of Interested Parties

10.    Pursuant to Title 28 section 1446(b) of the United States Code, removal of this matter has been timely effectuated within thirty days after the receipt by GEICO, through service or otherwise, of a copy of the pleading or other paper setting forth the claim for relief upon which such action or proceeding against GEICO is based.  GEICO was served with a copy of Plaintiff's Original Petition on September 13, 2017.  This Notice of Removal is being filed on October 13, 2017, which is within 30 days of such receipt.

11.     Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice.

12.     Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same.

13.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the County Court at Law No. 2 of Gregg County, Texas promptly after filing of same.

14.     Plaintiff has not made a jury demand.

## SERVICE

15.     Copies of this Notice of Removal are being served upon all parties to this action. Notice of this removal is also being filed with the County Court at Law No. 2 of Gregg County, Texas.

Respectfully submitted this 13th day of October 2017.

Respectfully submitted,

By: */s/ Stacy Thompson*
    Meloney Perry
    State Bar No. 00790424
    Stacy Thompson
    State Bar No. 24046971
    Shannon Spizman
    State Bar No. 24086729

    **PERRY LAW PC**
    10440 North Central Expressway, Suite 600
    Dallas, Texas  75231
    (214) 265-6201 – Telephone
    (214) 265-6226 – Facsimile
    mperry@mperrylaw.com
    sthompson@mperrylaw.com
    sspizman@mperrylaw.com

    **ATTORNEYS FOR DEFENDANT**
    **GEICO ADVANTAGE INSURANCE**
    **COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the following counsel of record on the 13th day of October 2017 in accordance with the FEDERAL RULES OF CIVIL PROCEDURE:

    Fred Nix
    PATTON, NIX & YOUNG, LLP
    PO Box 3444
    Longview, Texas 75606
    fredlnix@pnylaw.com
    *Attorney for Plaintiff*

                */s/ Stacy Thompson*
                Stacy Thompson

00060499.DOCX